**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0256-DOC (ADSx)                                      Date: May 28, 2020

Title: PETER STROJNIK SR. V. SHAKTI INVESTMENTS, LLC.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER SUA SPONTE DISMISSING ACTION FOR LACK OF STANDING**

The Court, on its own motion, *sua sponte* dismisses this action for lack of standing for the reasons set out below.

**I.   Background**

   **A.   Facts**

The following facts are taken from the First Amended Complaint ("FAC") (Dkt. 15). Plaintiff Peter Strojnik ("Plaintiff") is a person with a disability. FAC ¶ 2. Plaintiff provides a Table that allegedly documents how the barriers complained of relate to "the limitations of major life activities" Plaintiff's disability causes him. *Id.* ¶ 8. However, the table merely lists a description of *a* disability and *a* "relation" to major life activity, but it fails to describe if and how *Plaintiff's* disability actually limits *Plaintiff's* major life activity. *Id.* at 4–5. In other words, the table describes how a condition may limit a major life activity generally. It does not, however, describe how Plaintiff's condition limits Plaintiff's life *specifically*. *Id.* At some points in the complaint, Plaintiff generally asserts that an encounter with an inaccessible element "causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such a barrier." *Id.* at 7;

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0256-DOC (ADSx)            Date: May 28, 2020

                                                                                                        Page 2

*see also id*. at 9–18 (alleging that the barrier "caused Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering this barrier."). Again, such a general description does not describe with specificity *how* Plaintiff's specific disability causes pain or discomfort when encountering the alleged barriers.

      **B.**       **Procedural History**

On February 10, 2020, Plaintiff filed the action in this Court (Dkt. 1). On April 2, 2020, the Court, on its own motion, dismissed state law claims and allowed the claim under the Americans with Disabilities Act ("ADA") to move forward (Dkt. 7). On May 5, 2020 the Court *sua sponte* dismissed the action for lack of standing (Dkt. 12). On May 11, 2020, Plaintiff filed a first amended complaint (Dkt. 15).

**II.**     **Legal Standard**

In the Ninth Circuit, a plaintiff bringing an ADA claim must allege what barriers were encountered and "how [his or her] disability was affected . . . so as to deny [him or her] the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that [he or she] personally suffered discrimination under the ADA on account of [his or her] disability)." *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 954 (9th Cir. 2011). A mere list of alleged violations "cannot substitute for the *factual* allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact" when there is no "attempt to relate the alleged violations to [the] disability" at issue. *Id*. at 955.

Here, Plaintiff lists the major life activities that his disabilities may limit, but he does not describe whether those life activities are limited in his specific situation. *See* FAC at Table 1. Next, Plaintiff provides pictures of the alleged barriers along with a generic, conclusory allegation that they cause him pain or failed to allow him to access his needs. Such allegations still to relate his specific disability to the barriers encountered. *See generally* FAC. In sum, Plaintiff has never provided the Defendant, or this Court, with a specific description of his disability, nor has he alleged a link between that disability and the barriers he encounters. Instead, he simply asserts that the alleged barriers cause him pain. This is insufficient to meet standing requirements because a Plaintiff must allege "*how* [his or her] disability was affected . . . so as to deny [him or her] the 'full and equal' access that would satisfy the injury-in-fact requirement." *Chapman*, 631 F.3d at 954 (emphasis added). Plaintiff never alleges with specificity what his disability is, much less *how* it is affected by the alleged barriers. Thus, Plaintiff does not meet the injury-in-fact requirement for standing. Given that Plaintiff has already had

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0256-DOC (ADSx) <span style="float:right">Date: May 28, 2020</span>

Page 3

an opportunity to cure this deficiency, the Court finds that further amendment would be futile. Therefore, the complaint is **DISMISSED with prejudice.**

### III.    Disposition

Accordingly, the Court **DISMISSES** the complaint **with prejudice**.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kd

MINUTES FORM 11
CIVIL-GEN